UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Charles Sheppard,
    Plaintiff,

V.

Case No 19-C-1401

Staff members at FLCI: Julie Ludwig, Candace Whitman, Joy Tassler, Pat Chamberlin, Bruce Siedschlag, Jared Spors, Lt. Hanni, Capt. Mlodzik, Sgt. Bahr, C/O Holt, Laura Bartow, Warden, Ms. H (Jane Doe), C/O Dubois, Sgt. Ramsey, RN. Jane Doe DEFENDANTS.

CIVIL COMPLAINT UNDER 42 U.S.C. § 1983
JURY TRIAL DEMANDED

## SUMMARRY OF CASE

Plaintiff Charles Sheppard repeatedly told FLCI staff members that the plastic chair that they were providing him was unable to hold his weight and that he just went through this same incident at his previous inst. and that he had seriously hurt himself as a result of the chair collapsing under his weight and for weeks every staff member that Plaintiff SHEPPARD spoke to disregarded him and did absolutely nothing to help him. As a result of FLCI staff members disregarding SHEPPARD's pleas the chair broke once again and SHEPPARD hit the back of his head on the metal bedframe and had to be rushed to the Emergency Room where he was diagnosed with a concussion.

## JURISDICTION

1.) This court has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(3).

2.) Venue is the U.S District Court for the Eastern District of Wisconsin is proper pursuant to 28 U.S.C. § 1391(b).

3.) Plaintiff Charles Sheppard is and was at all times mentioned in this complaint a prisoner of the State of Wisconsin in the custody of the Wisconsin Department of corrections ("DOC"). He is currently confined at Fox Lake Correctional Inst. at P.O Box 200, Fox Lake, WI 53933.

-1-

4.) Defendant Julie ludwig is a RN at FLCI
5.) Defendant Candace Whitman is the HSM at FLCI.
6.) defendant Joy Tassler is the CMSD at FLCI.
7.) Defendant Pat Chamberlin is the ADA Coordinator at FLCI.
8.) Defendant Bruce Siedschlag is the programs director at FLCI.
9.) Jared Spors is the rec Leader at FLCI.
10.) Laura Bartow is the ICE at FLCI.
11.) Lt. Hanni, Cpt. Mlodzik, and sgt. bahr. Holt are C/O's at FLCI.
12.) John Doe is the Warden at FLCI.
13.) Ms. H. is a C/O at FLCI.
14.) Ms. Dubois is a C/O at FLCI.
15.) Mr. Ramsey is a Sgt. at FLCI.
16.) Each defendant is sued indiviually and in his/her official capacity.
17.) all defendants have acted and continues to act under the color of State law at all times relevent to this complaint.

## STATEMENT OF FACTS

18.) I was transferred to FLCI on 6-3-19 where i was assigned to Housing Unit #3. When I went to my cell and saw that I was given a plastic chair I immediately spoke to Unit staff members Ms. H, and C/O Dubois in the upcoming days and told them that everytime I sit in the plastic chair the legs bend and I had just recently seriously harmed myself and was battling a concussion at that time still they did nothing at all to help me they told me to write or talk to Sgt. paul but, that he was currently on vacation but, as officers they could've called a Supervisor to help but they did nothing, to help at all.

19.) I spoke to a Sgt. Ramsey on 2nd shift and told him the samething his response to me was, "Do I look like a fucking doctor?"

20.) So, the next thing i did was send a request slip to the Warden explaining to him how Sgt. Ramsey disrespected me and my issues with the plastic chair. The Warden never even responded back to my request period so he completely disregarded me.

21.) my next step was to write a inmate complaint to L. Bartow telling her my issues she acknowledged my complaint on 6-21-19. Under the Brief

Summary section L. Bartow wrote, "Inmate claims theplastic chair in his cell is unable to hold up his weight.'' this shows that Ms. Bartow was very much aware that I was complaining about my chair. I also let her know that I harmed myself as a result of the same plastic chair not to long ago. as the ICE Ms. bartow has the power to take any neccesary corrective steps in matters of safety to inmates. She chose to do absolutely nothing when all she had to do was make one phone call to maintenance to bring me a more adequate chair.

22.) Shortly after I had an face to face appt. with Ms. Julie Ludwig and explained all this to her including the fact that I had just recently had a concussion as a result of falling and harming myself in the plastic chairs and I told her that the chair legs are already bending. Ms. Ludwig did nothing to rectify this she had the power to immediately do something as one of the head members of the Special Needs Commitee.

23.) I wrote Candace Whitman about this matter and let her know about the entire exchange that i had with RN Ludwig and as the HSM Ms. Whitman could've immediately did something to help rectify this matter but she chose to do nothing as well. She never even wrote me back even though I'm positive that she got my letter because I saw her a day later and I asked her personally if she got my letter and she said that she did.

24.) On 7-1-19 I was sitting in the plastic chair writing when the chair just abruptly broke and I fell backwards hitting the back of my head on the metal bedframe. My head was bleeding badly my cellmate went to get the 3rd shift Sgt. who promptly responded and they called the on-call RN because none were working at the time. I began vomiting and the RN had them immediately take me to the Emergency Room. The doctors there took alot of test and diagnosed me with a **"CONCUSSION"**.

25.) As part of my discharge instructions the doctors stated that I should relax, not walk and rest. HSU staff were told to keep an eye on me for awhile. They all knew that I had a concussion especially Ludwig and Whitman because I spoke to them personally. Yet on 7-3-19 Ludwig, Whitman, Bartow, Bahr, Siedschlag, Tassler, Chamberlin, Spors,Hanni, Mlodzik, and Holt got together and reviewed my medical files where they discussed the fact that I had just gotten back from the ER and had a concussion yet they decided

to discontinue my wheelchair for distance restriction and my pusher. Knowing that the Emergency doctors discharge instructions from 2 days prior to were that **I SHOULD NOT BE WALKING.** Later on that night I was forced to walk a good distance when I was feeling loopy, and disorientated. I told the officer this and asked if he could have HSU bring my meds to me or have someone push me up to HSU? He called HSU and the on-call RN said that they would not bring me my meds and that my wheelchair restriction and pusher for long distances had been canceled and that I had to walk up there myself. I responded that I couldn't make it and the RN said that if I wanted to refuse the meds I had to walk up to HSU and refuse them otherwise I would be getting a CR and taken to segregation. I didn't want to get in trouble so, I tried to walk up there and as I fell down the hill and hit my head again this time on the concrete.

26.) At that point I was out of it. I recall being taken to HSU but not much after that. I know I was laying down on the ground when the C/O's came and put me in a wheelchair.

27.) The entire Special Needs Commitee were deliberately indiffrent to my serious medical needs by discontinuing my wheelchair for distance restriction especially considering the fact that I had just had a concussion and the discharge instructions were for me to not walk.

28.) The RN that examined me when I fell walking to HSU is the same RN that threatened me and told me she'd give me a CR and forced me to walk to HSU even though I told her that physically didn't feel good, and had just had an concussion. Unfortunately I don't know her name so, I'm calling her Jane Doe until I can figure out her name during discovery.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

29.) Plaintiff SHEPPARD has properly exhausted his administrative remedies, as to all claims, by timely filing and appealing admin. decisions

## CLAIM #1 -- DELIBERATE INDIFFRENCE

30.) DefendantsLudwig, Bartow, Ms. H, Ms. Dubois, Sgt. Ramsey, Ms. Whitman,

The Warden were all forewarned of the fact that I had just recently been injured from sitting in a plastic unable to hold up my weight and the fact that the chair I was being proivided was unable to hold up my weight the sameway. So, I gave them ample oppurtunity to resolve the issue but none of them did anything. It should also be noted that right after I hurt myself again and had to be rushed to the ER FLCI immediately got me a more sturdy chair with metal legs. It must also be noted that this more sturdy chair was already on the unit from another inmate using it that was no longer housed on the unit so the issue could've been easily resolved but, FLCI staff didn't take me seriously until after I was harmed in an effort to cover there tracks.

### CLAIM #2 --DELIBERATE INDIFFRENCE

31.) Defendants Ludwig, Whitman, Tassler, Chamberlin, Siedschlag, Spors, Hanni, Mlodzik, Bahr, Holt, Bartow were all apart of the Special Needs Commitee, that decided to discontinue my wheelchair for distance and my pusher a day after I had a Concussion and was given instructions to relax, and **NOT WALK**. Common sense should've told them that by D/Cing my wheelchair that the only other option I had was to walk.

32.) RN Jane Doe was deliberately Indiffrent because she knew that I had just had an concussion and that I told her that I was not feeling good and could not walk to HSU. Yet she made me do so anyway and threatened me with segregation if I didn't walk to HSU. As a result I fell again hittin my head on the concrete, and that was over a month ago and I still feel like I'm in a daze sometimes.

### RELIEF REQUESTED

WHEREFORE, plaintiff requests that the Court grant the following:

A.) A declatory judgment stating that defendants violated plaintiff's rights under the U.S Constitution.
B.) award punitive and compensatory damages jointly and severally.
C.) Award court cost and fees.
D.) Grant a jury trial of no less than 12.

Pursuant to 28 U.S.C §1746, I declare under penalty of perjury that the facts stated herein are true and correct based on personal observations direct knowledge.

9-19-19