# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CHARLES SHEPPARD,**

    Plaintiff,

  v.                                    Case No. 19-CV-1401

**JULIE LUDWIG,
CANDACE WHITMAN,
JOY TASSLER,
PAT CHAMBERLIN,
BRUCE SIEDSCHLAG,
JARED SPORS,
LAURA BARTOW,
LT. HANNI,
CAPTAIN MLODZIK,
SGT. BAHR,
CO HOLT,
CO MS. H (JANE DOE),
CO DUBOIS,
SGT. RAMSEY,
JOHN DOE WARDEN,
JAN BRITT,**

    Defendants.

---

## SCREENING ORDER

---

Charles Sheppard, an inmate confined at Fox Lake Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. He paid the full filing fee when he filed his complaint and this matter is now before me for screening.

The Prison Litigation Reform Act (PLRA) applies to this case because Sheppard was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). Under

the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I have jurisdiction to screen the complaint in light of Sheppard's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1. Screening the Complaint

    1.1 Federal Screening Standard

Under the PLRA, the court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and it holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*1.2 Sheppard's Allegations*

Sheppard explains that he was transferred to Fox Lake Correctional on June 3, 2019. In his cell was a white, plastic chair. Sheppard asserts that he told defendants Ms. H and CO Dubois that the chair would not hold his weight. He allegedly explained to them that he had a similar chair at his last institution, and it had broken while he was sitting in it. He told them he suffered a concussion after hitting his head when the chair broke. Sheppard alleges that they told him to contact Sgt. Paul, but Sgt. Paul was on vacation. They did nothing else to help Sheppard obtain a different chair.

According to Sheppard, over the next few weeks, he communicated his concerns about the chair to defendants Sgt. Ramsey, the warden, Laura Bartow (the inmate

3

complaint examiner), nurse Julie Ludwig (the head of the Special Needs Committee), and Candace Whitman. None of them addressed Sheppard's concerns.

Sheppard alleges that, on July 1, 2019, he was sitting in the chair when it abruptly broke. According to Sheppard, he fell backwards and hit his head on the metal bedframe. Sheppard states that his head was bleeding badly, and he started vomiting. The on-call nurse instructed prison staff to send Sheppard to the emergency room. Sheppard states that he was diagnosed with a concussion.

When Sheppard was discharged, the doctor instructed that Sheppard "should relax, not walk and rest." (ECF No. 1 at 3.) Sheppard asserts that health services staff were told to keep an eye on him for a while. According to Sheppard, a couple of days later, on July 3, 2019, defendants Ludwig, Whitman, Bartow, Sgt. Bahr, Bruce Siedschlag, Joy Tassler, Pat Chamberlin, Jared Spors, Lt. Hanni, Cpt. Mlodzik, and CO Holt reviewed Sheppard's medical files and discussed the fact that he had recently returned from the emergency room with a concussion. Sheppard asserts that, despite knowing about the doctor's instructions that Sheppard should not be walking, they discontinued his restrictions for a wheelchair and pusher.

Sheppard states that, later that night, after walking a "good distance," he started to feel "disoriented" and "loopy." (ECF No. 1 at 4.) Sheppard states that he asked an officer (who is not a defendant) to see if health services could bring his medication to him or if he could be pushed to health services. The officer allegedly

4

called health services and was told by defendant Jan Britt[1] that Sheppard's meds would not be delivered to him and, if he wanted them, he had to walk to health services.

Sheppard allegedly told Britt that he was unable to walk to health services. Britt allegedly said to Sheppard that, if he wanted to refuse his meds, he had to do it in person at health services. She told Sheppard that, if he did not come to health services to refuse his medication, he would receive a conduct report and be put in segregation. Sheppard asserts that he did not want to get in trouble, so he tried to walk to health services. According to Sheppard, he fell and hit his head on the concrete. Sheppard asserts that he does not remember much of what happened next. He remembers lying on the ground and officers putting him in a wheelchair.

*1.3 Analysis*

Sheppard fails to state a claim based on his allegations that Ms. H, Dubois, Ramsey, the warden, Bartow, Ludwig, and Whitman did not provide him with a sturdier chair after he told them the chair in his cell would not hold his weight. To state such a claim, Sheppard's allegations would have to give rise to a reasonable inference that the defendants "imposed conditions which denied him the minimal civilized measure of life's necessities." *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006). Sheppard's allegations fail to give rise to such an inference.

---

[1] When Sheppard filed his complaint, he did not know the nurse's name; however, on October 28, 2019, he supplemented his complaint to identify her as Jan Britt. (ECF No. 4.) The clerk's office will update the docket accordingly.

5

Sheppard alleges that he knew the chair was inadequate to hold his weight. Despite this, Sheppard repeatedly sat in the chair. None of the defendants forced him to do so; he could have sat on his bed or on the floor. Instead, he sat in a chair that he says he knew was going to break.

Further, to the extent Sheppard asserts that, by denying his request for a new chair, the defendants were effectively denying him a chair all together, the Constitution does not require prison officials to provide inmates with chairs. A chair is not a "minimal civilized measure of life's necessities." As noted, Sheppard could have sat on his bed if he wanted a place to sit.

However, Sheppard does sufficiently state a deliberate-indifference claim under the Eighth Amendment against Ludwig, Whitman, Bartow, Bahr, Siedschlag, Tassler, Chamberlin, Spors, Hanni, Mlodzik, and Holt based on his allegations that they canceled his wheelchair and pusher restrictions despite the emergency room doctor cautioning him to rest and not walk. Sheppard alleges that he was still dizzy and unstable as a result of his concussion when these defendants decided to remove his walking aids.

Sheppard will also be allowed to proceed on a deliberate-indifference claim against Britt, who allegedly made him walk to health services after he informed her that he felt unstable. Sheppard alleges that, because she refused to bring his medication to him or allow him to use a wheelchair, he fell again and suffered additional harm.

**THEREFORE, IT IS ORDERED** that Ms. H (Jane Doe), Co Dubois, Sgt. Ramsey, and the John Doe warden are **DISMISSED** based on Sheppard's failure to state a claim against them.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Julie Ludwig, Candace Whitman, Laura Bartow, Sgt. Bahr, Bruce Siedschlag, Joy Tassler, Pat Chamberlin, Jared Spors, Lt. Hanni, Cpt. Mlodzik, CO Holt, and Jan Britt. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Sheppard is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2019.

**BY THE COURT:**

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge