IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

CHARLES SHEPPARD

    Plaintiff,

    v.        Case No. 19-CV-1401

JULIE LUDWIG, et al.

    Defendants.

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## Introduction

Defendants moved for summary judgment arguing that the evidence shows that they did not violate Sheppard's Eighth Amendment rights. Sheppard requested a different chair, and the Special Needs Committee reviewed the request and approved him for a different chair. No Defendant ignored his request. Rather, they allowed the normal process of approving a different chair. Additionally, no Defendant was actually aware that Sheppard may harm himself by using his assigned chair until the Special Needs Committee could consider his request.

Additionally, the Special Needs Committee reviewed Sheppard's request for a wheelchair. After considering all the evidence, including accounts of

Sheppard's ability to walk and his poor health conditions, they determined that it would be best to promote Sheppard to be active. To do so, they provided him with a bench-seated walker. Such decision did not amount to deliberate indifference but rather was done for his health.

Finally, Nurse Britt was aware that Sheppard had a bench-seated walker and was supposed to walk to get his medication. She never knew that he may harm himself if he tried to walk to the HSU. Additionally, the evidence, taken in the light most favorable to Sheppard, does not show that his attempt to walk to the HSU resulted in a serious injury that can support a deliberate indifference claim.

## Argument

I. **Warden Hepp, Nurse Ludwig, Health Services Manager Whitman, and ICE Bartow did not violate Eighth Amendment rights for allegedly refusing to provide Sheppard with a sturdier chair.**

   A. **Sheppard may not maintain a conditions of confinement claim because he was not deprived of the minimal civilized measure of life's necessities.**

Defendants argued that Sheppard was not deprived of the minimal civilized measure of life's necessities because he was provided with a plastic chair rated to hold up to 1,500 pounds. There were no other options that were rated to hold nearly that much weight. Additionally, the evidence showed that

the chair did not actually break but rather buckled because he was leading back on it. Such situation was not an extreme deprivation that forced Sheppard to endure a situation that is "beyond the bounds of human decency." *Hudson v. McMillian*, 503 U.S. 1 (1992); *see also Delaney v. DeTella*, 256 F.3d 679, 683 (7th Cir. 2001). Sheppard does not dispute that providing him with the plastic chair did not deprive him of the minimal civilized measure of life's necessities. As such, the Court should dismiss Sheppard's condition of confinement claims.

> **B. Hepp, Bartow, Ludwig, and Whitman were not deliberately indifferent to Sheppard's issues with this chair.**
>
> **1. Warden Hepp was not personally involved in any deprivation because he received no letter from Sheppard and, even if he had, he was not responsible for which chair an inmate received.**

Defendants argued that Warden Hepp did not receive a correspondence from Sheppard about his chair and is not responsible for determining which chair an inmate is assigned. Therefore, Warden Hepp was not personally involved in any alleged violation of Sheppard's Eighth Amendment rights. Sheppard concedes that Warden Hepp is not liable. (Dkt. 29, at 2.) Therefore, the Court should dismiss Warden Hepp.

> **2. Nurse Ludwig was not deliberately indifferent to Sheppard's concern about his chair.**

Defendants argued that, on June 28, 2019, Nurse Ludwig met with Sheppard in anticipation of the Special Needs Meeting being held on July 2,

3

2019 (only 4 days later). Nurse Ludwig did not have the authority to issue Sheppard a sturdier chair; rather, she was to report Sheppard's request to the Special Needs Committee for approval. She did not think that Sheppard was in immediate danger from sitting in his assigned inmate chair.

Sheppard recaps his conversation with Nurse Ludwig on June 28, 2019. He does not dispute that Nurse Ludwig's only avenue to address his request for a sturdier chair was to report his request to the Special Needs Committee, which she did.[1] He also does not dispute that Nurse Ludwig did not think that he was in danger of sitting in his chair for a few days while the Special Needs Committee considered his request.

Sheppard fails to present evidence to dispute that Nurse Ludwig acted appropriately and was not deliberately indifference. As such, the Court must dismiss the Eighth Amendment conditions of confinement claim against Nurse Ludwig.

### 3. Health Services Manager Whitman was not deliberately indifferent to Sheppard's concern about his chair.

Defendants argued that Health Service Manager Whitman did not receive any communication from Sheppard. Additionally, like Nurse Ludwig,

---

[1] Sheppard disputes Defendants Proposed Finding of Fact 27 by stating that Nurse Ludwig had the authority to give him a new chair because "the restriction was already approved by a doctor and in WICS." He then cites to Ex. A and C to his declaration. (Dkt. 30-1.) These documents, however, do not state that Sheppard was approved for a different chair. Sheppard also provides no evidence that these documents allowed Nurse Ludwig to get him a different chair.

Health Service Manager Whitman was not responsible for determining which chair Sheppard received. Rather, it was the Special Needs Committee's role. And, because Sheppard states that he wrote her after speaking with Nurse Ludwig, the Special Needs Committee would be meeting soon to discuss Sheppard's request. Finally, at no point did Health Services Manager Whitman believe that Sheppard at risk of hurting himself because of his chair.

Sheppard responds by arguing that he did write Health Services Manager Whitman. But he does not dispute that the Special Needs Committee, not Health Services Manager Whitman, was responsible for deciding what chair he received. He also does not dispute that she never thought that he was in danger. Therefore, there is no evidence that Health Services Manager Whitman was deliberately indifferent, and the Court should dismiss this claim against her.

### 4. ICE Bartow was not personally involvement in any deprivation of Sheppard's rights because she only reviewed his inmate complaint.

Defendants argued that ICE Bartow also was not personally involved in the alleged constitution violation simply because she reviewed Sheppard's inmate complaint. Defendants also showed that ICE Bartow properly investigated Sheppard's inmate complaint, including learning that the Special Needs Committee was scheduled to address Sheppard's request on July 2, 2019.

Sheppard argues that ICE Bartow was obligated to investigate his inmate complaint, but he does not actually argue that she did not do so. He also argues, without supporting evidence, that ICE Bartow could have ordered that Sheppard received a different chair. This statement, without supporting evidence, does not create a material issue of fact that ICE Bartow acted appropriately. Therefore, the Court should dismiss Sheppard's Eighth Amendment conditions of confinement claim against ICE Bartow.

> II. **The Special Needs Committee Defendants and Nurse Britt were not deliberately indifferent to Sheppard's medical needs.**
>
> A. **The Special Needs Committee Defendants and Nurse Britt were not deliberately indifferent.**
>
> 1. **Sheppard did not suffer a serious medical condition.**

Defendants argued that Sheppard was not suffering from a serious medical condition due to his desire not to walk. He was able to walk and doing so benefitted his health. He also had a walker that he could sit on when he got tired and needed a rest. Finally, Sheppard's discharge instructions did not state that he could not walk or that he needed a walker. Not providing him a wheelchair did not result in "further significant injury or the unnecessary and wanton infliction of pain." *Dunigan*, 165 F.3d at 590.

6
Case 2:19-cv-01401-NJ   Filed 10/23/20   Page 6 of 9   Document 34

## 2. The Special Needs Committee Defendants were not deliberately indifferent.

Defendants argued that the Special Needs Committee Defendants were not deliberately indifferent when they assessed whether Sheppard's health would benefit from a bench-seated walker versus a wheelchair. Based on members' personal observations of Sheppard walking and evidence that Sheppard would greatly benefit from walking, they issued him a bench-seated walker to help him get around. Additionally, although Sheppard was not yet back from the hospital when they made their decision, the discharge paperwork for Sheppard did not state that he could not walk or needed a wheelchair.

Sheppard responds by stating, without evidence, that the Special Needs Committee Defendants "were all aware that I'd suffered an concussion." (Dkt. 29.) He also claims that his verbal discharge instructions included that he was not to walk. (Dkt. 30, at ¶ 21.) He does not dispute, however, that the written discharge instructions included no such restriction, or that the Special Needs Committee Defendants met prior to his discharge and were not aware of his medical diagnosis. He also does not challenge the Special Needs Committee Defendants decision that providing him with a bench-seated walker was beneficial to his health.

The actions of the Special Needs Committee Defendants do not raise to the level of deliberate indifference. There is no evidence that the Special Needs Committee Defendants were actually aware that providing Sheppard with a bench-seated walker could lead Sheppard to hurt himself. Additionally, their decision to attempt to help Sheppard with his health by promoting walking does not amount to the high standard for deliberate indifference, which "approaches intentional wrongdoing." *McGee v. Adams*, 721 F.3d 474, 481 (7th Cir. 2013). Therefore, the Court should dismiss the deliberate indifference claim against the Special Needs Committee Defendants.

### 3. **Defendant Britt was not deliberately indifferent.**

Defendants argued that Nurse Britt was not deliberately indifferent when she instructed Sheppard to walk to the HSU to receive his medication. First, Nurse Britt was not actually aware that Sheppard was having difficulties walking. No one relayed the message to her. Additionally, the evidence shows that Sheppard only got dizzy and sat on the grass while walking to HSU. He did not injure himself because he attempted to walk to HSU.

Sheppard allege that he personally told her that he needed a wheelchair and Nurse Britt responded that he was not approved for a wheelchair. Sheppard also states that he got dizzy while walking and rolled down a hill. Sheppard does not provide any evidence that his alleged rolling down the hill

caused any actual harm to him or resulted in any medical care. Even taking Sheppard's statements as true, the evidence does not show that Nurse Britt was actually aware that Sheppard may harm himself if he walked to the HSU. Additionally, Sheppard's testimony does not support that he seriously harmed himself during his attempt. As such, the Court should dismiss the deliberate indifference claim against Nurse Britt.

## Conclusion

For the reasons stated above, the Court should dismiss Sheppard's Eighth Amendment claims against all Defendants.

Dated: October 23, 2020

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/Kevin Grzebielski
KEVIN L. GRZEBIELSKI
Assistant Attorney General
State Bar #1098414

LAURE RAKVIC-FARR
Assistant Attorney General
State Bar #1049540

Attorneys for Defendant

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857